UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| JEFFERY C.,<br><br>                Plaintiff,<br>    v.<br><br>COMMISSIONER OF SOCIAL SECURITY,<br><br>                Defendant. | CASE NO. 2:25-CV-1358-DWC<br><br>ORDER RE: SOCIAL SECURITY DISABILITY APPEAL |

Plaintiff filed this action, pursuant to 42 U.S.C. § 405(g), for judicial review of the denial of his application for Supplemental Security Income (SSI) benefits and Disability Insurance Benefits (DIB). Pursuant to 28 U.S.C. § 636(c), Fed. R. Civ. P. 73, and Local Rule MJR 13, the parties have consented to proceed before the undersigned. After considering the record, the Court finds no reversible error and affirms the Commissioner's decision to deny benefits.

**I.     BACKGROUND**

Plaintiff applied for SSI and DIB on October 15, 2021. Administrative Record (AR) 17. His alleged date of disability onset is February 14, 2018. *Id.* His requested hearing was held before an Administrative Law Judge (ALJ) on March 12, 2024. AR 46–81. On June 28, 2024,

the ALJ issued a written decision finding Plaintiff not disabled. AR 14–45. The Appeals Council declined Plaintiff's timely request for review, making the ALJ's decision the final agency action subject to judicial review. AR 1–6. On July 22, 2025, Plaintiff filed a Complaint in this Court seeking judicial review of the ALJ's decision. Dkt. 5.

## II. STANDARD

Pursuant to 42 U.S.C. § 405(g), this Court may set aside the Commissioner's denial of benefits if, and only if, the ALJ's findings are based on legal error or not supported by substantial evidence in the record as a whole. *Bayliss v. Barnhart*, 427 F.3d 1211, 1214 n.1 (9th Cir. 2005) (citing *Tidwell v. Apfel*, 161 F.3d 599, 601 (9th Cir. 1999)).

## III. DISCUSSION

In his opening brief, Plaintiff argues the ALJ erred in assessing the medical opinions of Carl Epp, PhD, and Manisha Ramdev, ARNP, and the lay witness statement of his fiancée.

**A.   Dr. Epp's Medical Opinion**

Consultative examiner Dr. Epp evaluated Plaintiff in September 2022. AR 1789–95. He completed a mental status examination where he noted some difficulties in memory and deficiencies in performing serial 7s (involving counting backward from 100 by 7) and described some of Plaintiff's physical symptoms. *See* AR 1791–94. The evaluation was otherwise normal. *See id.* He noted Plaintiff's memory was "markedly impaired" on the examination. AR 1792. Under a section header titled "medical opinion," he wrote that Plaintiff was "not considered capable of employment" due to his physical conditions, and that Plaintiff's "ability to interact with others seems uncertain." AR 1795. The ALJ considered Dr. Epp's opinion at step two, where the ALJ found Plaintiff's mental impairments were non-severe. *See* AR 21–22.

ALJs are required to articulate how they considered medical opinions. *See* 20 C.F.R. § 404.1520c. "A medical opinion is a statement from a medical source about what [a claimant] can still do despite [his] impairment(s) and whether [he has] one or more impairment-related limitations or restrictions" in a set of abilities. 20 C.F.R. § 404.1513(a)(2). For applications, like Plaintiff's, filed after March 27, 2017, ALJs need not "defer or give any specific evidentiary weight, including controlling weight, to" particular medical opinions, including those of treating or examining sources. *See* 20 C.F.R. § 404.1520c(a). Rather, ALJs must consider every medical opinion in the record and evaluate each opinion's persuasiveness, considering each opinion's "supportability" and "consistency," and, under some circumstances, other factors. *Woods v. Kijakazi*, 32 F.4th 785, 791 (9th Cir. 2022); 20 C.F.R. § 404.1520c(b)–(c).

However, statements that a claimant is disabled or unable to work are statements on issues reserved to the Commissioner and excluded from those portions of a medical opinion an ALJ must address. *See* 20 C.F.R. § 404.1520b(c)(3)(i). Here, Dr. Epp's statement that Plaintiff would be unable to work due to his physical symptoms is a statement on an issue reserved to the Commissioner which the ALJ need not address. *See id.*

The ALJ rejected Dr. Epp's statement, in part, because "Dr. Epp did not provide any information regarding the claimant's specific abilities or limitations." AR 22. To the extent Dr. Epp's statement that Plaintiff's social abilities were "uncertain" was intended as an opined limitation, this was a proper basis on which to reject such a limitation. Dr. Epp did not describe any particular limitations or restrictions in this area, so the ALJ properly rejected that limitation on this basis. *See* 20 C.F.R. § 404.1513(a)(2); *Ford v. Saul*, 950 F.3d 1141, 1156 (9th Cir. 2020) (affirming ALJ discounting opinion because it did "not provide useful statements regarding the degree of" claimant's limitations).

ORDER RE: SOCIAL SECURITY DISABILITY APPEAL - 3

    The only other limitation opined by Dr. Epp was his opinion that Plaintiff's memory was markedly impaired. AR 1792. The ALJ properly addressed this limitation, finding it unexplained, unsupported by Dr. Epp's examination, and inconsistent with the record. AR 23. The ALJ properly found that Dr. Epp's opinion was unsupported, as the only indication Plaintiff had memory difficulties was that he was unable to recall two of three words after a 15-minute delay. AR 23. There was otherwise no explanation for the limitation, and Plaintiff had mostly normal results in his concentration-related tasks (aside from serial 7s). AR 1793. This included remembering 5 digits forward and backward. *Id.* In light of this, the ALJ reasonably concluded the memory limitation was unsupported. *See Stiffler v. O'Malley*, 102 F.4th 1102, 1107 (9th Cir. 2024) (affirming rejection of medical opinion that "included only conclusions regarding functional limitations without any rationale for those conclusions" along with largely normal mental status findings)

    The ALJ also reasonably found the memory limitation inconsistent with the record, noting the findings of record did not indicate memory difficulties. AR 23. Indeed, as the ALJ noted elsewhere (AR 22), the only other examinations in the record discussing Plaintiff's memory found it was normal. *See* AR 456, 1320. Thus, the ALJ reasonably concluded the record was inconsistent with the memory limitation.

    In sum, much of Dr. Epp's statement was not a medical opinion the ALJ was required to address. The ALJ properly rejected Dr. Epp's opined limitation with respect to Plaintiff's memory. The Court need not consider the ALJ's remaining reasons for rejecting the opinion because any error with respect to those reasons would be harmless. *Molina v. Astrue*, 674 F.3d 1104, 1115 (9th Cir. 2012) (error harmless if "there remains substantial evidence supporting the ALJ's decision and the error does not negate the validity of the ALJ's ultimate conclusion");

ORDER RE: SOCIAL SECURITY DISABILITY
APPEAL - 4

*Woods*, 32 F.4th at 792–93 (finding proper consideration of one of supportability-and-consistency factors to be adequate basis to affirm).

**B.    ARNP Ramdev's Medical Opinion**

Consulting Examiner ARNP Ramdev completed a medical opinion in August 2022. AR 1777–87. She opined Plaintiff could stand 2–4 hours total and 60–90 minutes at a time; sit 4–6 hours total and 1–3 hours at a time; lift up to 20 pounds occasionally and up to 10 pounds frequently; and occasionally balance, climb, and perform fine manipulation. AR 1785–86. She opined he cannot squat, kneel, climb, or crawl, and that he had several environmental limitations. *See id.* ARNP Ramdev justified most of her limitations by referencing physical examination results showing antalgic gait and limited function in Plaintiff's left foot, along with reference to her diagnoses and some of Plaintiff's reports. *See id.* She also explained her standing limitation was based on Plaintiff's cane use. AR 1785.

The ALJ found ARNP Ramdev's opinion unpersuasive. *See* AR 35–37. The ALJ found the opinion was not supported by her explanations and examinations. *See* AR 36–37. The ALJ found the consultative examination results were incongruous with the evidence in the record (*see* AR 35–36), showing ARNP Ramdev's opinion was not based on an accurate understanding of Plaintiff's impairments. The ALJ's findings were supported by substantial evidence.

With respect to ARNP Ramdev's standing limitation, the ALJ noted the limitation was based in part on ARNP Ramdev's impression that Plaintiff required a cane (*see* AR 1785), but the record did not show a cane was medically necessary. *See* AR 36. This was a proper basis on which to reject the limitation. *See Chaudhry v. Astrue*, 688 F.3d 661, 671 (9th Cir. 2012) (affirming rejection of medical opinion based on misimpression that claimant required cane and wheelchair when none had been prescribed). Although a few treatment notes suggest Plaintiff

indicated to his providers he used a cane (*see* AR 1868, 2024, 1867), such notations do not show a cane was medically necessary, as is required for cane use to be considered in formulating a claimant's limitations. *See* SSR 96-9p (requiring "medical documentation establishing the need for a hand-held assistive device to aid in walking or standing, and describing the circumstances for which it is needed").

Similarly, the ALJ noted some of the results referenced by ARNP Ramdev were not reflected elsewhere in the record. *See* AR 36–37. For instance, she referenced Plaintiff's left foot pain demonstrated on examination in justifying some of her limitations (*see* AR 1785), but Plaintiff does not have an impairment related to his left foot and there is no other evidence of left foot pain in the record (*see* AR 36). ARNP Ramdev also relied upon a diagnosis of lumbar herniated disc (*see* AR 1785), but as the ALJ noted, imaging showed no herniation and only mild to moderate disc protrusion. *See* AR 36–37 (citing AR 697, 1914, 1940); *see also Burch v. Barnhart*, 400 F.3d 676, 681 (9th Cir. 2005) (tests showing only "mild degenerative disc disease" properly found to undermine severe allegations).

The ALJ also reasonably found much of ARNP Ramdev's explanation for her opinion inadequate. *See* AR 36–37. She explained her lifting and carrying limitations by stating Plaintiff "may drop objects" due to his carpel tunnel syndrome. AR 1785. The ALJ reasonably found this did not explain why Plaintiff would be limited in the weight he could lift or carry. AR 36. Similarly, the ALJ reasonably found ARNP Ramdev's explanation for the opined environmental limitations—they were based on "exam/interview" (AR 1786)—to be an inadequate explanation. AR 36.

Finally, the ALJ noted many of ARNP Ramdev's opined limitations were based on her impression that Plaintiff had deficits in his upper extremities. *See* AR 36–37, 1485–86. The ALJ

found significant limitations based on upper extremity difficulties inconsistent with Plaintiff performing some construction work and working on building a home during the relevant period. *See* AR 36; *see also* AR 26–27 (outlining evidence of work history). This was a reasonable interpretation of the record and a proper basis on which to reject the opinion. *See Ford*, 950 F.3d at 1155 ("A conflict between [an opinion] and a claimant's activity level is a specific and legitimate reason for rejecting the opinion.").

In sum, the ALJ reasonably concluded that ARNP Ramdev's opinion was overly restrictive in light of the evidence of record. As with Dr. Epp's opinion, the Court need not consider the remaining reasons given by the ALJ for finding the opinion unpersuasive, as any error therein would be harmless.

**C.   Plaintiff's Fiancée's Statement**

Plaintiff's fiancée completed statements in March 2022 and January 2023. AR 290–97, 324–31. She wrote that Plaintiff has difficulties completing activities of daily living, cannot walk or stand for long periods of time, requires assistance for some daily activities, has difficulties handling stress, and has few social interactions. AR 292, 295, 328–29.

The ALJ was required to provide germane reasons for rejecting these statements. *Dodrill v. Shalala*, 12 F.3d 915, 919 (9th Cir. 1993). The new regulations did not remove the requirement that an ALJ consider a lay witness statement, and this requirement is the genesis of the germane reasons standard. *See Rhea L. v. Comm'r of Soc. Sec.*, No. 2:24-CV-870, 2024 WL 5244402, at *4–5 (W.D. Wash. Dec. 30, 2024) (citing *Dodrill*, 12 F.3d at 919; 20 C.F.R. §§ 404.1545(a)(3), 404.1529(a); SSR 96-8p).

The ALJ provided germane reasons for rejecting Plaintiff's fiancée's statement. *See* AR 37. For instance, the ALJ found the statement inconsistent with Plaintiff's construction work and

work on houses during the relevant period. *See id.* Plaintiff contends the ALJ improperly concluded Plaintiff had engaged in construction work because such work was not revealed in Plaintiff's earnings history. Dkt. 12 at 12. The Court disagrees. Even unreported work history may be considered by the ALJ. *See Ford*, 950 F.3d at 1156 ("An ALJ may consider any work activity, including part-time work, in determining whether a claimant is disabled[.]") (citation omitted). As the ALJ noted, Plaintiff repeatedly indicated he was engaging in construction work during the relevant period and suggested he was working on building a home. *See* AR 26-27; *see also* AR 624, 635, 772, 1470.

Additionally, an error in addressing a lay witness statement can be harmless where the statement is duplicative of properly discounted testimony and the reasons given for rejecting that testimony apply to the lay witness statement. *See Molina*, 674 F.3d at 1116–22 (harmless error where duplicative of subjective testimony). To the extent the ALJ failed to properly reject Plaintiff's fiancée's observations of Plaintiff's social activity and difficulties handling stress, the ALJ nevertheless properly found Plaintiff's capabilities in such areas did not demonstrate he had severe mental impairments. *See* AR 21–22. Thus, any such error is harmless.

## IV. CONCLUSION

For the foregoing reasons, the Court hereby **AFFIRMS** Defendant's decision denying benefits.

Dated this 7th day of January, 2026.

David W. Christel
United States Magistrate Judge